WILLIAM HARRINGTON v. FERDINAND BADER, SUPT.

HABEAS CORPUS DOES NOT LIE TO DISCHARGE WORKHOUSE PRISONER
WHOSE TERM OF COMMITMENT HAD BEEN INTERRUPTED BY RETURN TO
PENITENTIARY FROM WHICH HE HAD ESCAPED.

  Delivery of a prisoner sentenced to a municipal workhouse to the
  custody of the chief of police for return to the penitentiary,
  whence he had escaped, is presumed to be accomplished by legal
  process, as contemplated by R. S. 5748 (Gen. Code 12184); such
  transfer did not effect an unconditional suspension of the
  workhouse sentence or discharge him therefrom until the full
  term thereof had expired; hence, habeas corpus will not lie to
  release him from such workhouse to which he was returned after
  serving his time in the penitentiary, not at least until the term
  of workhouse sentence, interrupted by his penitentiary term,
  had fully run.

ERROR to common pleas court.

*Thomas H. Darby,* for plaintiff in error.
*John M. Thomas,* for defendant in error.

Harrington, a prisoner in the Cincinnati workhouse, filed
a petition in common pleas for a writ of habeas corpus, which
having been denied, error was prosecuted.

The petitioner was committed to the workhouse by the
police court under sentences aggregating more than five years.
On the day following his commitment he was surrendered by

the superintendent of the workhouse to the chief of police, who turned him over to authorities from the Ohio penitentiary, who claimed he was an escaped convict. He was returned to the penitentiary, and three years later, having served out his term in the penitentiary, he was brought back to Cincinnati and again incarcerated in the workhouse to serve out the interrupted sentence above mentioned.

It was claimed in the hearing on habeas corpus, that the order of release from the workhouse, under which he was returned to the penitentiary, was equivalent to a discharge from further imprisonment under the workhouse commitment, and that the said commitment was ineffectual to justify his recommitment to the workhouse after the release and discharge therefrom.

### GIFFEN, P. J.

On July 31, 1905, the plaintiff in error was sentenced to the workhouse of the city of Cincinnati to serve three successive sentences each of six months' imprisonment and fine of $300 with costs for housebreaking. On August 1, 1905, he was delivered to the chief of police of the city of Cincinnati under the following order:

"STATE OF OHIO, HAMILTON COUNTY, ss. Police Court of the City of Cincinnati.

"*To the Superintendent of the Workhouse*:

"Deliver to Paul M. Millikin, Chief of Police of the City of Cincinnati, the body of Wm. Harrington, now in your custody, charged with housebreaking, committed July 31, 1905, for new trial.

"By order of court.

"Attest: AUG. KIRBERT,

" (Seal.) *Clerk of the Police Court,*

"By F. G. GOOD, *Deputy.*

"Cincinnati, 8-1, 1905."

Counsel assume that the effect of this order was an unconditional suspension of the sentences which amounted to a final

Harrington v. Bader.

discharge of the prisoner; but there is nothing upon the face of it to indicate that any suspension or modification of the sentences was intended.

The presumption is that the removal of the prisoner from the workhouse into the custody of the chief of police was by legal process, as contemplated by R. S. 5748 (Gen. Code 12184), and if not, the sentences continued in full force without loss of time by the prisoner.

It appears, however, from other evidence, not the best, that he was delivered to the chief of police for the purpose of being returned to the Ohio penitentiary, whence he had escaped. It is unnecessary to determine whether this delivery was authorized by law on demand of the warden of the penitentiary, because under the several commitments his time would not in any event expire till December 21, 1910.

The better practice no doubt would be to await the expiration of his term in the workhouse when the warden could, under R. S. 7404 (Gen. Code 2186), arrest and recommit him to the penitentiary.

The prisoner is not now, at least, entitled to a discharge, and the judgment of the common pleas court dismissing his petition and remanding him to the custody of the superintendent of the workhouse will be affirmed.

**Smith** and **Swing, JJ.,** concur.